THE STATE, TO THE USE OF TEBBE, Respondent, v. WIGHTMAN *et al.*, Appellants.

1. A new trial will not be granted on the ground of surprise where the object in obtaining the same is the introduction of evidence of a character merely cumulative.

*Appeal from St. Louis Court of Common Pleas.*

*T. C. Johnson*, for appellants.

I. The court should have given the instructions asked by defendants.

II. The verdict was against the evidence in the case.

III. The court should have granted a new trial on the ground of surprise as fully disclosed in the affidavit. (2 R. C. 1855, p. 1285, art. 13, § 3 ; 3 Graham & Wat. on New Trials, 875.)

*Kribben*, for respondent.

RICHARDSON, Judge delivered the opinion of the court.

The instructions given by the court presented the questions of law in the case fairly to the jury. The plaintiff could stand on his possession until the integrity of his position was assailed, and could rely on the familiar principle of law that the possession of personal property raises the presumption of ownership ; and the allegation in the defendant's answer that the plaintiff's possession was fraudulently obtained was insufficient, without evidence, to shift the burden of proof.

Surprise is a ground for granting a new trial, but it is not regarded with favor by the courts. It is the duty of parties, in the preparation of their cases, not only to know what evidence they need, but what their witnesses will most probably prove, and a new trial will not be granted if the surprise is the result of negligence or could have been avoided by reasonable diligence. (3 Graham & Wat. New Trials, 876.) This is not the case of a party's own witnesses betraying him or the adversary's witnesses swearing falsely, for it is not averred that the defendants' own witness deceived him, or that the plaintiff's witness stated an untruth, but that he omitted from forgetfulness to state a fact which was proven by one witness without contradiction, and which the defendant states he could have proved by another if if he had supposed the plaintiff's witness had forgotten it; and that he could have secured the attendance of another witness if he had not relied on the memory of the plaintiff's witness. If he was willing to go to trial in the absence of one of his witnesses, relying on the plaintiff's witness to corroborate his own, he ought to have taken some pains to have ascertained beforehand that his recollection was refreshed. The fact which the witness forgot was proved by another, and the object in getting the new trial would be to introduce cumulative evidence, which is never allowed. (State v. Stumbo, 26 Mo.; 3 Gra. & Wat. New Trials, 1046.) The judgment will be affirmed, the other judges concurring.